IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No.  06-31349

JOHN WILLIAM O'QUINN, III

     Debtor

**MEMORANDUM ON MOTION TO DISMISS
INVOLUNTARY PETITION**

**APPEARANCES:**    WILLIAM E. BREWER, JR., ESQ.
    619 North Person Street
    Raleigh, North Carolina  27604
    Attorney for Debtor

    LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Attorneys for Petitioning Creditors

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the question of whether the Involuntary Petition filed against the Debtor on June 22, 2006, must be dismissed because it, together with the Alias Summons in Involuntary Case issued on October 11, 2006, were not served on the Debtor in the manner required by Rule 1010 of the Federal Rules of Bankruptcy Procedure. The Debtor filed a Brief in Support of Motion to Dismiss on December 4, 2006, which was subsequently amended by an Amended Brief in Support of Motion to Dismiss filed on December 6, 2006 (collectively, Debtor's Brief). The Brief of Petitioners Gary Shephard, Mountain Specialty Tools and Bob Cannon (Petitioning Creditors' Brief) was also filed on December 4, 2006.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West 2006).

I

The Involuntary Petition commencing this involuntary case was filed under Chapter 7 on June 22, 2006, by Gary E. Shephard, Jr. (Petitioning Creditor), the holder of a $119,968.50 unsecured claim against the Debtor arising out of a state court judgment. In the Involuntary Petition, the Petitioning Creditor certified that he was eligible to file the petition under 11 U.S.C. § 303(b), that the Debtor was a person against whom an order for relief could be entered, and that the Debtor is generally not paying his debts as they become due. The Certificate of Service certifying service of the Summons to Debtor in Involuntary Case (Summons) issued by the clerk on June 23, 2006, evidences that the Involuntary Petition and Summons were served upon the Debtor on June 23, 2006, by United States Mail at the following address: 3616 Rising River Lane, Jamestown, NC 27282. The Debtor did not file a timely response or otherwise defend the Involuntary Petition, and on

July 18, 2006, the court entered an Order directing the entry of an order for relief against the Debtor under Chapter 7.

On September 26, 2006, the Debtor, through counsel, filed a Motion to Set Aside Order for Relief and Dismiss Involuntary Bankruptcy Case Pro Hac Vice (Motion to Dismiss), asking the court to set aside the order for relief and to dismiss the case for the following reasons: (1) the Debtor had moved to North Carolina on April 29, 2006, after which he and his wife filed a joint Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Middle District of North Carolina on September 20, 2006; (2) the Debtor had not been served with the Involuntary Petition and Summons, which had been mailed to an incorrect address; and (3) the Debtor has more than twelve unsecured creditors, thus requiring the commencement of the involuntary case against him by three or more creditors.

At the request of the Petitioning Creditor, the clerk issued an Alias Summons in Involuntary Case (Alias Summons) on October 11, 2006, which was served upon the Debtor on the same date by first class mail at 3616 Rising River Lane, Greensboro, NC 27409.[1]  The clerk also issued a Pluries Summons in Involuntary Case (Pluries Summons) on October 20, 2006.  Proof of service of the Pluries Summons has not been filed.

On October 31, 2006, the Debtor filed his Response to Involuntary Bankruptcy Petition (Response to Petition) pursuant to Rule 1011 of the Federal Rules of Bankruptcy Procedure, reiterating the arguments raised in the Motion to Dismiss and raising the following defenses to

---

[1] Pursuant to the Motion to Dismiss, this is the address at which the Debtor resides and has resided since April 29, 2006.

3

support his request for dismissal: (1) that the Petitioning Creditor never properly served the Summons and Involuntary Petition because they were mailed to an incorrect address; and (2) although the Petitioning Creditor served the Debtor with the Alias Summons and Involuntary Petition, the Debtor's attorney has never been properly served with a copy of the Involuntary Petition.[2] Thereafter, on November 13, 2006, the Debtor filed a Motion to Consolidate Cases and Set Venue in the Bankruptcy Court for the Middle District of North Carolina (Motion for Determination of Venue) in the event that the court did not grant his Motion to Dismiss.

The court held a hearing on the contested Involuntary Petition and the Motion to Dismiss on November 16, 2006, at which it determined that the Involuntary Petition and Summons issued on June 23, 2006, were not properly served. The court entered an Order on November 16, 2006, vacating the Order for Relief entered on July 18, 2006. The November 16, 2006 Order also set forth the following issues the court is now called upon to resolve:

> A. Whether the Involuntary Petition, which was filed by one Petitioning Creditor, Gary E. Shephard, Jr., on June 22, 2006, must be dismissed because the Debtor has twelve (12) or more unsecured creditors. 11 U.S.C. § 303(b)(1).
>
> B. Whether the Involuntary Petition filed on June 22, 2006, must be dismissed because it, together with the Alias Summons in Involuntary Case issued on October 11, 2006, were not served on the Debtor in the manner required by Rule 1010 of the Federal Rules of Bankruptcy Procedure. The Debtor and Petitioning Creditor stipulate that the Alias Summons in Involuntary Case, together with the Involuntary Petition, were served on the Debtor, but were not served on the Debtor's attorney, William E. Brewer, Jr.
>
> C. Whether, under 28 U.S.C. § 1408, the venue of this bankruptcy case rests in the Middle District of North Carolina or the Eastern District of Tennessee and, regardless of the appropriate venue, whether, pursuant to Rule 1014(b) of the Federal Rules of

---

[2] The Debtor does not otherwise contest the Involuntary Petition; *i.e.*, he does not deny that he is "generally not paying . . . [his] debts as such debts become due . . . ." 11 U.S.C. § 303(h)(1). *See* FED. R. BANKR. P. 1011(a).

>Bankruptcy Procedure, this bankruptcy case should proceed in the Eastern District of Tennessee or in the Middle District of North Carolina where the Debtor and his wife, Sherrie Lynn O'Quinn, filed a Voluntary Petition under Chapter 7 on September 7, 2006, being Case No. 06-11104.

NOV. 16, 2006 ORDER, at 2.

With respect to the first issue, the court allowed through November 26, 2006, for additional creditors to join in the Involuntary Petition. In the event additional creditors joined in, the next issue concerning service of process would be addressed through briefs filed by the petitioning creditors and the Debtor. Then, if the court determined that service of process was adequate, an evidentiary hearing would be held on December 8, 2006, to determine the proper venue of the Debtor's bankruptcy case. On November 27, 2006, an Amended Involuntary Petition was filed against the Debtor by the Petitioning Creditor, joined by Mountain Specialty Tools and Bob Cannon (collectively, Petitioning Creditors).[3] The Debtor does not now dispute that the requisite number of unsecured creditors is prosecuting the Involuntary Petition. *See* 11 U.S.C. § 303(b)(1). On November 28, 2006, the court entered an Order continuing the evidentiary hearing related to the venue issue to January 5, 2007.

With respect to the validity of the service of process, the Debtor argues that his attorney was not also served with the Involuntary Petition and Alias Summons issued on October 11, 2006, and thus, pursuant to Rules 1010 and 7004 of the Federal Rules of Bankruptcy Procedure, service was inadequate. He also argues that because it has now been more than 120 days since the Involuntary

---

[3] The Petitioning Creditors also filed a Motion to Extend Time on November 27, 2006, asking the court to allow through November 27, 2006, to file the Amended Involuntary Petition. This request was denied by the court in the November 28, 2006 Order because November 26, 2006, fell on a Sunday, so the Petitioning Creditors were allowed through November 27, 2006, pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

5

Petition was filed on June 22, 2006, Rule 4(m) of the Federal Rules of Civil Procedure allows dismissal, for which there is good cause to do so.

The Petitioning Creditors argue that because the court had not yet vacated the Order for Relief when the Alias Summons was issued on October 11, 2006, the issuance and service thereof was merely a precaution, not a requisite. The Petitioning Creditors also argue that the case should not be dismissed even if service of process was not proper because the Debtor's counsel possesses actual knowledge of the case, and thus, under Rule 4(m) of the Federal Rules of Civil Procedure, good cause exists for extending the time in which the Involuntary Petition could be filed.

## II

Service of process of an involuntary petition is governed by Interim Rule 1010 of the Federal Rules of Bankruptcy Procedure which provides in material part:

> On the filing of an involuntary petition . . . the clerk shall forthwith issue a summons for service. When an involuntary petition is filed, service shall be made on the debtor. . . . The summons shall be served with a copy of the petition in the manner provided for service of a summons and complaint by Rule 7004(a) and (b).

FED. R. BANKR. P. (INTERIM) 1010. As referenced by Interim Rule 1010, Rule 7004 provides in material part:

> (a) Except as [otherwise] provided . . ., Rule 4(a) [and] (b) F.R.Civ.P. applies in adversary proceedings. . . .
>
> (b) Service by first class mail
>
>    Except as [otherwise] provided . . . , service may be made within the United States by first class mail postage prepaid as follows:

>      (1)  Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.
>
>      . . . .
>
>      (9)  Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

FED. R. BANKR. P. 7004.[4]

It is undisputed that the Involuntary Petition and the original Summons issued by the clerk on June 23, 2006, were served on the Debtor at an improper address, and that service was, therefore, ineffective. There is also no dispute that the Alias Summons was issued on October 11, 2006, and that it was served, along with the Involuntary Petition, upon the Debtor by first class mail. The focus, therefore, falls upon whether the Petitioning Creditor, in order to properly effectuate service of the Involuntary Petition, was also required to serve a copy of the Alias Summons and Involuntary Petition upon the Debtor's attorney, who, by virtue of the Motion to Dismiss filed on September 26, 2006, had entered an appearance at the time the Alias Summons was issued. Based upon the wording of Rule 7004(b)(9) and Rule 1010, the court holds that the Petitioning Creditor was not required to serve a copy of the Alias Summons and Involuntary Petition upon the Debtor's attorney.

---

[4] As it applies to the portions of Rule 7004 above, Rule 4 of the Federal Rules of Civil Procedure requires that an issued summons be served with all complaints within 120 days of filing. *See* FED. R. CIV. P. 4(m).

Rule 1010 does not limit application of Rule 7004(b) and, therefore, subsection (b)(9) must be viewed in the context of the service of an involuntary petition. Rule 7004(b)(9) expressly states that service on the debtor may be made "***after a petition has been filed by or served upon the debtor***" by mailing a copy of the summons and complaint to the debtor and, "***if the debtor is represented by an attorney, to the attorney***." FED. R. CIV. P. 7004(b)(9) (emphasis added).

Rule 7004(b)(9) contemplates two distinct scenarios:  (1) service upon a debtor "after a petition has been filed" *by the debtor*; and (2) service upon the debtor "*after a petition has been . . . served upon the debtor*." Adhering to the literal language of the Rule, it is only "after" a voluntary petition has been filed "by the debtor" that the requirement of service upon the debtor and the debtor's attorney is triggered. In a case that is commenced by the filing of an involuntary petition, the Rule clearly fixes the trigger date for service upon the debtor, and any attorney representing the debtor, as the date "after" the involuntary petition has been served upon the debtor. Accordingly, until a debtor against whom an involuntary petition has been filed is actually served with the summons and involuntary petition, there is no requirement that a petitioning creditor serve any attorney representing the debtor in any pre-involuntary petition capacity. To hold otherwise would be contrary to the clear intent of Rule 7004(b)(9) and would require petitioning creditors to engage in a pre-filing investigation in an effort to ascertain whether the prospective involuntary debtor is represented by an attorney. Additionally, attorneys representing entities engaged in non-bankruptcy related matters are not automatically retained to represent that entity in an involuntary bankruptcy case. Why should that attorney be involuntarily compelled to participate in a bankruptcy case for

8

which he or she has not been employed and for which he or she may or may not have the requisite expertise?

Here, there is no dispute that the Petitioning Creditor knew, subsequent to the filing of the Involuntary Petition, that the Debtor was represented by counsel, as the Debtor's attorney filed documents on behalf of the Debtor prior to issuance and service of the Alias Summons and Involuntary Petition on October 11, 2006. Nevertheless, the fact that he may have known the identify of the Debtor's counsel does not change the outcome. Because Rule 7004(b)(9) does not require service of a summons and involuntary petition upon counsel prior to the service of the involuntary petition upon a debtor, the Petitioning Creditor was not required to simultaneously serve the Debtor's counsel with the Alias Summons and Involuntary Petition on October 11, 2006, since the Debtor himself had not yet been served with those documents. It is only after service was obtained upon the Debtor that Rule 7004(b)(9) mandates service upon the Debtor's counsel.[5]

Because the Alias Summons and Involuntary Petition were properly served upon the Debtor pursuant to Rule 7004(b)(1) by first class mail on October 11, 2006, the Debtor's Motion to Dismiss will be denied. Furthermore, because the Debtor in his October 31, 2006 Response to Petition does not dispute the allegation in the Involuntary Petition that "he is generally not paying . . . [his] debts as such debts become due," *see* 11 U.S.C. § 303(h)(1), and there are no other contested issues to be resolved, the court will enter an order for relief under Chapter 7.

---

[5] Rule 7004(b)(9) comes into play not only in the service of an adversary proceeding filed against a debtor, but also in the context of a contested matter filed in a debtor's case. *See* FED. R. BANKR. P. 9014(b).

9

The evidentiary hearing on the sole remaining issue, the proper venue of the Debtor's bankruptcy case, will be held on the scheduled date of January 5, 2007. To that end, the court, in order to ascertain the status of the Debtor's North Carolina bankruptcy case, will direct that the Debtor's counsel, contemporaneously with the filing of his brief due by December 29, 2006, file a certified copy of the docket maintained by the clerk in that case.

An order consistent with this Memorandum will be entered.

FILED:  December 21, 2006

BY THE COURT

/s/  RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE
